IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JESUS ALBERTO BOHORQUEZ-HERNANDEZ,<br><br>Petitioner,<br><br>v.<br><br>KRISTI NOEM, *et al.*<br><br>Defendants. | 3:26-CV-00231-CCW |

**ORDER**

Before the Court is a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Petitioner, a native and citizen of Venezuela, is currently detained at Moshannon Valley Processing Center. ECF No. 9 at 1.[1] He entered the United States near Eagle Pass, Texas without inspection on July 9, 2021, was encountered by border patrol, detained, placed in expedited removal proceedings, and released on parole the next day. *Id.* at 2. Petitioner expressed a fear of returning to Venezuela the day he was paroled but was not referred for a credible fear interview per standard Department of Homeland Security ("DHS") procedure.[2] *Id.* On or around June 11, 2025, DHS detained Petitioner while conducting a "workforce enforcement operation[.]" *Id.* Petitioner has remained in the custody of Immigration and Citizenship Enforcement since that time, and his immigration proceedings are ongoing. *Id.* at 2–3. He now asserts that he is subject to

---

[1] Because the Petition is devoid of information regarding Petitioner's background or entry into the United States, *see generally* ECF No. 1, the Court relies on the Government's response, ECF No. 9, for such information.
[2] Respondents note that this was likely due to a federal court order requiring ICE to conduct risk assessments of individual detainees during the Covid-19 pandemic. Respondents state that Petitioner was likely released following such an assessment before he could be referred for a credible fear interview. *Id.*; *see also Fraihat v. U.S. Immigr. & Customs Enf't*, 445 F. Supp. 3d 709 (C.D. Cal. 2020), order clarified, No. EDCV 19-1546 JGB (SHKX), 2020 WL 6541994 (C.D. Cal. Oct. 7, 2020), and *rev'd and remanded*, 16 F.4th 613 (9th Cir. 2021).

discretionary detention pursuant to § 1226(a) and not mandatory detention under § 1225(b)(2) and therefore that he is entitled to a bond hearing.[3]

The Court agrees. Section 1226 applies to aliens who are "already present in the United States[,]" *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018), while the mandatory detention provision of § 1225 governs detention of "applicants for admission" to the United States. *Bethancourt Soto v. Soto*, No. 25-CV-16200, 2025 WL 2976572, at *2 (D.N.J. Oct. 22, 2025). This Court joins the overwhelming majority of District Courts to hold that § 1226(a), rather than the mandatory detention provision of § 1225(b), applies to aliens similarly situated to Petitioner, who are not seeking admission at a port of entry but rather are already present in the Country. *See Singh v. Oddo*, No. 3:25-cv-00429, 2026 WL 73789, *4 (W.D. Pa. Jan. 9, 2026) (Brown, M.J.) (noting "growing consensus"). The Court does not find persuasive the recent decision of the United States Court of Appeals for the Fifth Circuit in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026). Furthermore, the Court does not find persuasive Respondents' attempt to distinguish this Petition from others granted by this Court based on *Matter of M-S-*, 27 I. & N. Dec. 509, 515 (A.G. 2019), in which the Board of Immigration Appeals ruled that "aliens who are originally placed in expedited proceedings and then transferred to full proceedings after establishing a credible fear. . . . remain ineligible for bond, whether they are arriving at the border or are apprehended in the United States." *Id.* at 515; *see also Mohammed v. Noel*, No. 3:25-cv-00573-SLH-KT, ECF No. 11 (W.D. Pa. Feb. 5, 2026) (Haines, J.) (ordering bond hearing for noncitizen first placed in expedited removal proceedings before being transferred to full removal proceeding upon establishing credible fear); *Tamarit-Ferrer v. Rivas*, No. CV-25-04886-PHX-DWL (MTM), 2026 WL 295687, at *3 (D.

---

[3] To the extent Petitioner is required to exhaust administrative remedies, the Court finds that exhaustion would be futile in this case in light of the BIA's decision in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (B.I.A. 2025).

Ariz. Feb. 4, 2026) (same). Petitioner's detention is governed by § 1226(a) and he therefore has a statutory right to a bond hearing.

Accordingly, IT IS HEREBY ORDERED that Petitioner's Petition for Writ of Habeas Corpus, ECF No. 1, is GRANTED IN PART, as follows:

1. Within seven days of this Order, Petitioner must receive an individualized bond hearing conducted by an immigration judge pursuant to 8 U.S.C. § 1226.

2. IT IS FURTHER ORDERED that if Petitioner does not receive a bond hearing by that date, or if the immigration judge declines to conduct a bond hearing based on *Matter of Yajure Hurtado*, Respondents shall immediately release Petitioner from custody.

3. IT IS FURTHER ORDERED that within seven days of the immigration judge's decision, the parties must file a joint notice on the docket advising the Court of the outcome of the bond hearing.

4. IT IS FURTHER ORDERED that any motion for costs and fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d) shall be filed within ten days of this Order.

5. IT IS FURTHER ORDERED that the Petition is DENIED in all other respects.

DATED this 13th day of March, 2026.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND

United States District Judge


cc (via ECF email notification):

All Counsel of Record