IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JESUS ALBERTO BOHORQUEZ-HERNANDEZ,<br><br>     Petitioner,<br><br>  v.<br><br>KRISTI NOEM, *et al.*<br><br>     Defendants. | 3:26-CV-00231-CCW |

## **ORDER**

Before the Court are pro se Petitioner's first and second Motions to Enforce this Court's March 13, 2026 Order.  ECF Nos. 13, 15.  Petitioner is a noncitizen detained at Moshannon Valley Processing Center in Philipsburg, Pennsylvania.  ECF No. 1.  In the Petition, Petitioner requested, *inter alia*, an individualized bond hearing pursuant to 8 U.S.C. § 1226.  *Id*.  On March 13, 2026, the Court granted the writ of habeas corpus in part, ruled that Petitioner was subject to discretionary detention under 8 U.S.C. § 1226 and ordered Respondents to provide Petitioner with an individualized bond hearing before an immigration judge ("IJ") within seven days.  ECF No. 10. On March 18, 2026, Petitioner received a bond hearing before an IJ, who determined that Petitioner was a flight risk and denied bond.  ECF No. 12-1 at 1.

On March 23, 2026, Petitioner filed his first Motion to Enforce the March 13, 2026 Order. ECF No. 13.  In his first Motion, Petitioner argues the March 18, 2026 bond hearing violated his Fifth Amendment due process rights because:  (1) he did not have counsel present at the hearing; he did not have an opportunity to submit evidence in advance of the hearing;  and (3) the IJ improperly shifted the burden of proof to Petitioner by requiring Petitioner to establish, by clear and convincing evidence, that he is not a flight risk or a danger to the community.  *Id*. at 3.  On

April 2, 2026, before briefing was complete on Petitioner's first Motion to Enforce, Petitioner filed a second Motion to Enforce the Court's March 13, 2026 Order. ECF No. 15. In his second Motion, Petitioner avers that he received a second bond hearing on April 1, 2026, at which the IJ denied bond. *Id.* at 2. Petitioner's second Motion to Enforce argues the April 1, 2026 bond hearing also violated his due process rights, because the IJ improperly denied bond on the basis that Petitioner had failed to provide evidence of materially changed circumstances since the March 18, 2026 bond hearing. *Id.* at 4–5. In response to Petitioner's first Motion to Enforce, Respondents argue the record of the March 18, 2026 bond hearing confirms that it complied with Petitioner's due process rights. ECF No. 16 at 3–5. In response to the second Motion to Enforce, Respondents contend that the April 1, 2026 hearing "did not constitute a new bond hearing" and was instead a hearing regarding Petitioner's *request* for a new bond hearing, which the IJ denied. ECF No. 19 at 1–3. The Court will first consider constitutional adequacy of the March 18, 2026 bond hearing, and then turn to the April 1, 2026 hearing.

As a threshold matter, federal courts "lack jurisdiction to review any discretionary determinations underlying the IJ's bond decision," and may only "review whether the bond hearing was fundamentally unfair" such that it violates the detainee's due process rights. *Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022); *see also Quinteros v. Warden Pike Cnty. Corr. Facility*, 784 F. App'x 75, 78 (3d Cir. 2019) ("Because we lack jurisdiction to review any discretionary determinations underlying the IJ's bond decision, we are limited to reviewing only those of [Appellant's] challenges that pertain to the adequacy of process he received at his bond hearing."). The United States Court of Appeals for the Third Circuit has advised that a bond hearing under 8 U.S.C. § 1226 is "fundamentally fair," and thus satisfies due process, if three essential elements are present: (1) factfinding based on a

2

record produced before the decisionmaker and disclosed to the detainee; (2) the detainee is allowed to make arguments on his or her behalf; and (3) the IJ makes an individualized determination of the detainee's interests. *Ghanem*, 2022 WL 574624 at *2; *see also Quinteros*, 784 F. App'x at 78. Accordingly, this Court's review of the March 18, 2026 bond hearing is limited to considering whether the hearing was fundamentally fair under *Ghanem.*

After reviewing an audio recording of the March 18, 2026 hearing,[1] the Court concludes that the March 18, 2026 bond hearing was fundamentally fair. First, the IJ's factfinding was based on a record produced before the IJ and disclosed to Petitioner. Second, the IJ gave Petitioner the opportunity to present arguments as to why he is not a flight risk. *Id.* Finally, the IJ made an individualized determination of Petitioner's interests, ultimately determining that Petitioner was a flight risk because of, *inter alia*, his low likelihood of success in his removal proceeding and his limited ties to the United States. Thus, the March 18, 2026 bond hearing had each of the essential elements of a fundamentally fair bond hearing and complied with Petitioner's due process rights.

The Court has also reviewed an audio recording of the April 1, 2026 hearing before the IJ. ECF No. 19. The Court agrees with Respondents that the April 1, 2026 hearing was a hearing regarding Petitioner's request for a custody redetermination hearing, and not a bona fide bond hearing. Furthermore, because Petitioner received a constitutionally sufficient bond hearing on March 18, 2026, Respondents had already fully discharged their obligations with respect to the Court's March 13, 2026 order before the April 1, 2026 hearing. Therefore, the Court need not assess the constitutional sufficiency of the April 1, 2026 hearing.

Accordingly, IT IS HEREBY ORDERED that Petitioner's first and second Motions to Enforce the Court's March 13, 2026 Order, ECF Nos. 13 and 15, ARE DENIED.

---

[1] Respondents provided the Court with audio recordings of the March 18, 2026 hearing, ECF No. 17, and the April 1, 2026 hearing. ECF No. 19.

DATED this 10th day of April, 2026.


BY THE COURT:


/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge


cc (via ECF email notification):

All Counsel of Record


Cc (via United States Mail):

Jesus Alberto Bohorquez-Hernandez
220372372
Moshannon Valley Processing Center
555 Geo Drive
Philipsburg, PA 16866
Pro Se Petitioner